UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAWN RUIZ** | **CIVIL ACTION** |
| **VERSUS** | **NO: 23-05428** |
| **WEEKS MARINE, INC.** | **SECTION: T (2)** |

## ORDER AND REASONS

Defendant and Third-Party Plaintiff, Weeks Marine, Inc. ("Weeks Marine"), has submitted a Motion for Reconsideration ("the Motion"), R. Doc. 118, seeking reconsideration of the Court's ruling with respect to the contractual indemnity provision at issue in this case. R. Doc. 118, p. 1. E&E Machine Shop and Services, LLC ("E&E Machine") has responded in opposition. R. Doc. 121. For the following reasons, the Motion is **DENIED**.

## I. BACKGROUND

This is an action for negligence under the Jones Act, 46 U.S.C. § 30104, *et seq.*, and for unseaworthiness under the general maritime law of the United States. R. Doc. 1. Plaintiff Shawn Ruiz was employed by Defendant Weeks Marine as a licensed boat captain at the time of the incident at issue. R. Doc. 1, p. 2. In July 2020, Plaintiff's vessel, the CR McCASKILL, was placed in drydock, and he was assigned to work as a relief Captain at Defendant's ship yard facility in Houma, Louisiana. *Id.* Plaintiff alleges that, on September 26, 2020, he was struck by a dredge pipe in a workplace accident that caused "serious and permanently disabling injuries including a permanent brain injury (TBI)." *Id.*

On the date of Plaintiff's alleged injury, multiple employees of Third-Party Defendant E&E Machine were on site at Weeks Marine's Houma facility. R. Doc. 64-2, p. 5. "Weeks Marine regularly contracts with E&E Machine to provide dredge pipe welding services at Weeks Marine's

1

Houma yard." R. Doc. 64-1, p. 3. In this case, Weeks Marine had issued Purchase Order No. 46608 ("Purchase Order") to E&E Machine on June 23, 2020. *Id.* E&E Machine performed the work requested in the Purchase Order between September 21, 2020, and September 27, 2020. R. Doc. 64-1, p. 4. On September 30, E&E Machine referenced the Purchase Order in its invoice to Weeks Marine for the work performed. *Id.*

The Purchase Order included in bold text on its front page:

> By accepting this PO and performing the work described herein, you accept the Terms & Conditions that follow. To the extent the parties are governed by a current, fully executed Master Agreement, the terms and conditions contained therein shall apply.

R. Doc. 64-4, p. 3.

Section 8 of the Terms and Conditions that followed on the pages after this disclaimer included the following indemnification provision:

> 8. INDEMNIFICATION: [E&E Machine] hereby releases and shall indemnify, defend and hold harmless Weeks Marine, and its subsidiaries and affiliates and the officers, agents, employees, successors and assigns and authorized representatives of all the foregoing from and against any and all suits, actions, legal or administrative proceedings, claims, demands, damages, liabilities, interest, attorney's fees, costs, expenses, and losses of whatsoever kind or nature in connection with or incidental to the performance of this Purchase Order, whether arising before or after completion of the work hereunder and in any manner directly or indirectly caused, occasioned, or contributed to in whole or in part, or claimed to be caused, occasioned or contributed to in whole or in part, by reason of any act, omission, fault or negligence whether active or passive of [E&E Machine], its lower-tier suppliers, subcontractors or of anyone acting under its direction or control or on its behalf. The foregoing shall include, but is not limited to, indemnity for: (1) property damage and injury to or death of any person, including employees of Weeks Marine, Owner, or [E&E Machine]; and (2) the breach by [E&E Machine] of any representation warranty, covenant, or performance obligation of this Purchase Order. [E&E Machine's] aforesaid release, indemnity and hold harmless obligations, or portions or applications thereof, shall apply even in the event of the fault or negligence, whether active or passive, or strict liability of the parties released, indemnified or held harmless to the fullest extent permitted by law, but in no event shall they apply to liability caused by the willful misconduct or sole negligence of the party released, indemnified or held harmless. [E&E Machine] specifically waives any immunity provided against this indemnity by an industrial insurance or workers' compensation statute.

R. Doc. 64-1, pp. 3-4 (alterations in original); R. Doc. 66-8, pp. 3-4.

At the time of the alleged incident on September 26, 2020, the crew staging dredge pipe to be welded together consisted of Plaintiff, other employees of Weeks Marine, and employees of E&E Machine, including Garrett John, the E&E Machine supervisor. R. Doc. 64-1, p. 5. Weeks Marine alleges that "[w]hen E&E Machine and its employees need dredge pipe moved from one area to another, an E&E Machine employee/the job supervisor request[s] assistance from Weeks Marine . . .. E&E Machine and its employees then instruct Weeks Marine personnel when to place pipe and where to position the pipe, so that E&E Machine can then weld the pipe together." R. Doc. 64-1, p. 6. Mr. John, who Weeks Marine claims was "supervising the dredge pipe welding operation," was standing on top of a piece of dredge pipe and instructing others, including Weeks Marine employees, where to place the dredge pipe and when to chock the pipe to keep it from rolling. R. Doc. 64-1, pp. 6-7. After the crew had moved one of the dredge pipes, Mr. John signaled to a Weeks Marine employee, Kevin Barton, to place a chock. R. Doc. 64-1, p. 7. Mr. Barton followed this instruction, after which Mr. Barton instructed Plaintiff to enter a pinch point and place another chock. *Id.* Soon thereafter, a piece of the dredge pipe rolled and struck Plaintiff, resulting in his alleged head injury. *Id.*

Since the date of the alleged incident, Plaintiff has continued to be treated for the "serious and debilitating injuries sustained in the accident," including a permanent brain injury (TBI). R. Doc. 1, pp. 2-3. Specifically, Plaintiff claims that the injuries to the back of his neck, his head, and other parts of his body have caused mental disabilities and/or changes, excruciating pain and suffering, and changes in emotional and social behaviors, rendering him disabled and requiring extensive medical care and treatment. R. Doc. 1, p. 4. Plaintiff "has incurred medical and pharmaceutical expenses for the treatment of his injuries" and anticipates additional expenses for

future treatment for the rest of his life. R. Doc. 1, p. 5. Plaintiff characterizes his conditions as being "permanently disabled from returning to work as a seaman." *Id.*

**II. PROCEDURAL HISTORY**

Plaintiff filed the instant suit against Defendant Weeks Marine in 2023, asserting a negligence claim under the Jones Act, 46 U.S.C. § 30104, *et seq.*, and an unseaworthiness claim under general maritime law.[1] Defendant subsequently filed a Third-Party Complaint against E&E Machine pursuant to Rule 14(c) of the Federal Rules of Civil Procedure. R. Doc. 17. In the Third-Party Complaint, Defendant "tender[ed] E&E Machine to Plaintiff under Rule 14(c) for all claims that Plaintiff may have against E&E Machine and for any liability, in whole or in part, that E&E Machine has to the Plaintiff, whether in tort, contract, or otherwise." R. Doc. 17, p. 25.

Defendant Weeks Marine filed a Motion for Partial Summary Judgment on Contractual Indemnity against E&E Machine, pursuant to Federal Rule of Civil Procedure 56. R. Doc. 64. E&E Machine opposed the Motion, R. Doc. 69, and filed a Cross-Motion for Partial Summary Judgment, R. Doc. 66, which Weeks Marine opposed, R. Doc. 71. Weeks Marine asked the Court to find that (1) E&E Machine owes contractual indemnity to Weeks Marine for Plaintiff's alleged accident and injuries and (2) the indemnification clause requires E&E Machine to indemnify Weeks Marine for Weeks Marine's own negligence or fault. R. Doc. 64, p. 1. E&E Machine, meanwhile, argued that the indemnity provision in the Purchase Order is unenforceable. R. Doc. 71, p. 1. The Court ultimately found that while E&E Machine does owe contractual indemnity to Weeks Marine for Plaintiff's alleged accident and injuries, the valid indemnity provision only requires E&E Machine to indemnify Weeks Marine to the extent of E&E Machine's proportionate share of negligence, if any. R. Doc. 95, pp. 17-18. In other words, the indemnity provision does

---

[1] The complaint erroneously cited the Jones Act as 46 U.S.C. § 688, which is now repealed. R. Doc. 1, p. 1.

4

not require E&E Machine to indemnify Weeks Marine for Weeks Marine's own negligence or fault. *Id.* Accordingly, both parties' motions were granted in part and denied in part. *Id.*

With the instant Motion, Weeks Marine seeks reconsideration of the Court's order, R. Doc. 95, with respect to the contractual indemnity provision. R. Doc. 188, p. 1.

**III. LAW AND ANALYSIS**

"The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration." *Talluri v. AIG Prop. Cas. Co.*, No. CV 23-377, 2024 WL 2271676 (E.D. La. May 20, 2024) (citing *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). "Accordingly, a motion for reconsideration filed within twenty-eight days of the district court's judgment is recharacterized as a motion to alter or amend the judgment and it will be construed pursuant to Rule 59(e)." *Id.* (citing Fed. R. Civ. P. 59(e); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004)). Sections of this Court generally "evaluate a motion to reconsider an interlocutory order under the same standards as those governing a motion to alter or amend a final judgment brought pursuant to Rule 59(e)." *Ganpat v. E. Pac. Shipping, PTE, Ltd.*, 611 F. Supp. 3d 305, 309 (E.D. La. 2020) (citing *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369, 201 WL 142439, at *3-4 (E.D. La. Apr. 5, 2010)). Such a motion under Rule 59(e) "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should have been made before the judgment issued.'" *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," and district courts have "considerable discretion" in granting or denying motions for reconsideration. *Rivera v. Garza*, No. 21-20605,

2022 WL 2752224 at *1 (5th Cir. July 14, 2022) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

Here, Weeks Marine has submitted a timely Motion in which it "respectfully contends that this Court committed legal error in its interpretation of the language of the indemnity provision at issue in this case." R. Doc. 118-1, p. 2. While Weeks Marine agrees with the Court that "E&E Machine would not owe contractual indemnity to Weeks Marine, if Weeks Marine was ***solely*** at fault for the accident or if Weeks Marine engaged in willful misconduct," it maintains that the provision provides for indemnification for Weeks Marine's own negligence. R. Doc. 118-1, p. 3.

Weeks Marine argues that, "by expressly excluding indemnity for sole negligence, the indemnity provision applies to situations of ***concurrent negligence*** on behalf of both Weeks Marine and E&E Machine." R. Doc. 118-1, p. 3 (emphasis in original). While this statement itself is true, it does not necessarily lead to the same conclusion suggested by Weeks Marine. The language, "but in no event shall [E&E Machine's obligations] apply to liability caused by the willful misconduct or sole negligence of [Weeks Marine]," does expressly exclude indemnity for an incident arising solely from Weeks Marine's own negligence. Thus, the provision is meant to apply when either (1) E&E Machine is solely negligent or (2) both E&E Machine and Weeks Marine are concurrently negligent. Weeks Marine further argues that "[t]he use of the phrase '***in whole or in part***' clearly contemplates a situation where the actions of E&E Machine have contributed to an injury to a Weeks Marine employee only in part." R. Doc. 118-1, p. 4 (emphasis in original). The Court agrees with Weeks Marine in this regard: in situations of concurrent negligence, the indemnity provision is still enforceable. However, the main issue here is *the extent* of the indemnification provided (i.e., whether E&E Machine is required to indemnify Weeks Marine for Weeks Marine's own negligence).

6

Per Louisiana jurisprudence, "an indemnity contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent acts unless such an intention is expressed in *unequivocal terms*." *Berry v. Orleans Par. Sch. Bd.*, 830 So. 2d 283, 285 (La. 2002) (citing *Perkins v. Rubicon, Inc.*, 563 So. 2d 258, 259 (La. 1990)) (emphasis added). *See also Polozola v. Garlock, Inc.*, 343 So. 2d 1000, 1003 (La. 1977). Other sections of this Court and the Fifth Circuit recognize this requirement. *E.g.*, *Hotard v. Avondale Industries, Inc.*, 729 F. Supp. 3d 599, 606 (E.D. La. 2024) (citing *Seal Offshore, Inc. v. Am. Standard, Inc.*, 736 F.2d 1078, 1081 (5th Cir. 1984); *Donahue v. Republic Nat'l Distrib. Co., LLC*, 489 F. Supp. 3d 455, 469 (E.D. La. 2020)). E&E Machine, in opposition of the Motion, argues that the indemnity provision lacks such unequivocal terms:

> [T]he third sentence upon which [Weeks Marine] relied in making its arguments in its dispositive motion specifically begins with the clause 'Vendor's [E&E's] **aforesaid** release, indemnity and hold harmless **obligations** . . ..'" The third sentence specifically refers back to the first sentence requiring defense and indemnity for E&E's own fault or negligence, "even in the event of [Weeks's negligence or fault]." However, there is no reference at all, much less one that is clear and unequivocal, to a defense and indemnity obligation for Weeks's own fault or negligence. The plain language of the provision provides that even in the event of concurrent negligence of Weeks and E&E, E&E owes Weeks defense and indemnity for E&E's own fault or negligence; however, the provision in no way states clearly and unequivocally that E&E owes Weeks defense and indemnity for Weeks's own fault or negligence.

R. Doc. 121, p. 3 (emphasis in original).

Weeks Marine disagrees, maintaining its position that "[a] harmonious reading of the indemnity provision leads to only one conclusion – E&E owes contractual indemnity to Weeks Marine, even if Weeks Marine is concurrently at fault, so long as Weeks Marine did not engage in willful misconduct or was *solely* at fault." R. Doc. 118-1, p. 4 (emphasis in original). Attempting to offer further support for this position, Weeks Marine highlights the language in the first sentence providing that E&E Machine shall indemnify Weeks Marine "against *any and all* suits . . . in

7

connection with or incidental to the performance of this Purchase Order" whether caused "in whole or in part" by the negligence of E&E Machine. R. Doc. 118-1, pp. 3-4.

E&E Machine asserts that "Weeks's reliance on the 'any and all suits' language in the indemnity provision at issue is misplaced" and legally erroneous, contending that such language "is not sufficient to rebut the presumption that E&E and Weeks did not intend to indemnify Weeks for Weeks's own fault /negligence." R. Doc. 121, p. 4. In support, E&E Machine points the Court to *Jackson v. America's Favorite Chicken Co.*, in which the Louisiana Fourth Circuit Court of Appeal held that, under Louisiana law,[2] "the use of broad language such as 'any and all claims' is *not sufficient* to rebut the presumption that the parties did not intend to indemnify the indemnitee for its own negligence." 778 So. 2d 1257, 1261 (La. App. 4th Cir. 1/31/01).

The Louisiana Supreme Court has provided guidance on what constitutes "unequivocal terms" in this context. In *Perkins v. Rubicon*, the court interpreted an indemnity agreement to determine whether the parties agreed for the indemnitor to provide indemnification for acts caused by the indemnitor's negligence. *Perkins*, 563 So. 2d at 258-59. The court ultimately held that the language of the contract, in which the indemnitor agreed to indemnify the indemnitee from all claims "even though caused by the negligence of [the indemnitee]," evidenced the parties' clear intent that the indemnitor would assume responsibility for injuries caused by the negligent acts of the indemnitee. *Id.* at 259.

The Court finds that the language employed in the *Perkins* agreement ("even though *caused by* the negligence of [the indemnitee]") is distinct from the language employed in the instant indemnity agreement ("even *in the event of* the fault or negligence . . . of the parties released").

---

[2] Though the *Jackson* court first analyzed the agreement under Georgia state law due to the agreement's choice-of-law provision, it also performed an analysis under Louisiana state law. *Jackson v. Am.'s Favorite Chicken Co.*, 200-0681 (La. App. 4th Cir. 1/31/01), 778 So. 2d 1257, 1260-61.

The former clearly contemplates a situation where the indemnitor will assume responsibility for an event caused by the indemnitor's negligence. The latter merely states that the aforesaid release will still apply if the indemnitor is found to be contributorily negligent, without stating the extent of said release in unequivocal terms. Thus, the Court agrees with E&E Machine's argument that the indemnity agreement does not require E&E Machine to indemnify Weeks Marine for Weeks Marine's own negligence or fault, if any, in this matter.

## **CONCLUSION**

After reviewing the arguments, the Court finds that the indemnity provision in the Purchase Order does not unequivocally state that E&E Machine shall indemnify Weeks Marine for Weeks Marine's own negligence. Thus, the Court finds no basis to reconsider its prior order. Accordingly, having considered the parties' arguments, the record, and the applicable law,

**IT IS ORDERED** that Defendant and Third-Party Plaintiff Weeks Marine's Motion for Reconsideration is **DENIED**.

New Orleans, Louisiana, this ‾3rd‾ day of ‾November‾ 2025.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE