**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHAWN RUIZ** | **CIVIL ACTION** |
| **VERSUS** | **NO: 23-05428** |
| **WEEKS MARINE, INC.** | **SECTION: T (2)** |

**ORDER AND REASONS**

Before the Court is a Motion for Entry of Partial Final Judgment, or, in the Alternative, Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b), and Stay of Proceedings (R. Doc. 127) filed by Defendant and Third-Party Plaintiff, Weeks Marine, Inc. ("Weeks Marine"). Weeks Marine's Motion, which is unopposed, requests that the Court enter partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) as to the Court's prior ruling concerning the scope of Third-Party Defendant E&E Machine Shop and Services, LLC's ("E&E Machine") contractual indemnity obligation. R. Doc. 127, p. 1. In the alternative, Weeks Marine asks the Court to certify the ruling for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and to stay the instant matter pending appeal. *Id.* Having considered the arguments, the record, and the applicable law, the Court finds that Weeks Marine's motion should be **GRANTED IN PART** and **DENIED IN PART**. Specifically, Weeks Marine's request for entry of partial final judgment under Rule 54(b) is **DENIED**, and its requests for certification of interlocutory appeal under § 1292(b) and a stay of proceedings are **GRANTED**.

**I. BACKGROUND**

This litigation arises from an alleged September 26, 2020, accident involving Plaintiff Shawn Ruiz ("Plaintiff") at Defendant Weeks Marine's ship yard in Houma, Louisiana.[1] R. Doc.

[1] In its previous Order and Reasons dated October 23, 2025, the Court set forth a detailed recitation of the factual

1, pp. 1-5. Plaintiff alleges that he was struck by a dredge pipe in a workplace accident that caused "serious and permanently disabling injuries including a permanent brain injury (TBI)." *Id.* at p. 2. On the date of the alleged injury, multiple employees of Third-Party Defendant E&E Machine were working on site at Weeks Marine's ship yard, performing work pursuant to a Purchase Order issued by Weeks Marine on June 23, 2020. R. Doc. 64-2, p. 5. Plaintiff instigated this action by raising claims against Weeks Marine, his employer, for negligence under the Jones Act, 46 U.S.C. § 30104, *et seq*., and for unseaworthiness under the general maritime law of the United States. *Id.* Weeks Marine subsequently filed a Third-Party Complaint against E&E Machine, alleging that it is entitled to contractual and/or tort indemnity from E&E Machine pursuant to the terms of the Purchase Order. R. Doc. 17, pp. 6-7.

Shortly before the scheduled trial in this matter, the Court issued an Amended Order and Reasons addressing the following motions: (1) Weeks Marine's motion for partial summary judgment on the issue of contractual indemnity against E&E Machine (R. Doc. 64), (2) E&E Machine's cross-motion for partial summary judgment on the same issue (R. Doc. 66), and (3) Weeks Marine's motion for partial summary judgment on the issues of unseaworthiness and certain non-pecuniary damages (R. Doc. 68). R. Doc. 95. In the Amended Order and Reasons, the Court found that, while E&E Machine *does* owe contractual indemnity to Weeks Marine for Plaintiff's alleged accident and injuries, the valid indemnity provision only requires E&E Machine to indemnify Weeks Marine to the extent of E&E Machine's proportionate share of negligence, if any. *Id.* at pp. 17-18. In other words, the Court held that the indemnity provision *does not* require E&E Machine to indemnify Weeks Marine for Weeks Marine's own negligence or fault. *Id.*

background and procedural history in this matter. *See* R. Doc. 95, pp. 1-7 (October 23, 2025, Order on motions for summary judgment). *See also* R. Doc. 125, pp. 1-5 (November 3, 2025, Order denying defendant's motion for reconsideration). This section details background facts and procedural history only to the extent relevant to the instant Motion.

Accordingly, the Court granted in part and denied in part both parties' motions for summary judgment on contractual indemnity.[2] Concluding that genuine disputes of material fact precluded a determination of allocation of fault between the parties, the Court reserved the determination of fault for trial. *Id.*

Weeks Marine then filed a timely motion for reconsideration of the Court's Order with respect to the contractual indemnity ruling. R. Doc. 118. Finding once again upon review that the indemnity provision does not unequivocally state that E&E Machine shall indemnify Weeks Marine for Weeks Marine's own negligence, the Court denied the motion. R. Doc. 125. Days before trial, the parties advised the Court that "a settlement ha[d] been reached between Plaintiff, Defendant and Third-Party Defendant, with reservation of rights as to the indemnity claim and defenses between Defendant and Third-Party Defendant." R. Doc. 124, p. 1. Thus, Plaintiff's personal injury claim against Weeks Marine settled, with Weeks Marine's Third-Party Demand for contractual indemnity and/or tort indemnity and contribution against E&E Machine still pending. Because the Court has already ruled on Weeks Marine's claims for contractual indemnity, *see* R. Doc. 95, Weeks Marine intends to appeal the Court's ruling with respect to E&E Machine's contractual indemnity obligations. "In short, Weeks Marine contends that the contractual indemnity provision at issue requires E&E Machine to defend and indemnify Weeks Marine for Plaintiff's claims, including for Weeks Marine's *own negligence* in causing or contributing to the accident." R. Doc. 127-1, p. 3 (emphasis in original).

Weeks Marine now seeks immediate appellate review of the Court's determination regarding the scope of E&E Machine's contractual indemnity obligation. *Id.* Specifically, Weeks Marine seeks review of the Court's conclusion that the indemnity provision does not require E&E

[2] Weeks Marine's motion for partial summary judgment on the issue of unseaworthiness and certain non-pecuniary damages (R. Doc. 68) was granted in full. R. Doc. 95, pp. 20-27.

Machine to indemnify Weeks Marine for Weeks Marine's own negligence in causing or contributing to Plaintiff's alleged accident. *Id.* at p. 3. Thus, Weeks Marine's instant Motion asks the Court to either (1) enter partial final judgment on the Amended Order and Reasons in accordance with Federal Rule of Civil Procedure 54(b) or (2) certify the Amended Order and Reasons for interlocutory appeal under 28 U.S.C. § 1292(b). No party has filed a response in opposition to Weeks Marine's Motion, and the time for doing so has expired. Thus, the Motion is deemed to be unopposed and is now submitted to the Court.

**II. LAW AND ANALYSIS**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Federal appellate courts have jurisdiction over appeals only from (1) a final decision under 28 U.S.C. § 1291; (2) a decision that is deemed final due to jurisprudential exception or that has been properly certified as final pursuant to Fed. R. Civ. P. 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or that have been properly certified for appeal by the district court, 28 U.S.C. § 1292(b)." *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 809-10 (5th Cir. 1993). Because Weeks Marine seeks appellate review of the Court's Amended Order and Reasons, which is not a final decision, Weeks Marine asks the Court to either (1) enter partial final judgment under Rule 54(b) or (2) certify the Order for interlocutory appeal under Section 1292(b). R. Doc. 127, p. 1; R. Doc. 127-1, pp. 3-6. Additionally, Weeks Marine asks that, should the Court grant certification under either framework, it also stay the proceedings pending appeal. R. Doc. 127, p. 1; R. Doc. 127-1, p. 7. The Court assesses the legal framework and applicability of each request to the present matter in the subsequent sections.

***A. Partial Final Judgment Under Rule 54(b)***

Weeks Marine's Motion first asks the Court to enter partial final judgment on its Amended Order and Reasons dated October 23, 2025 (R. Doc. 95), so that Weeks Marine may appeal the same. R. Doc. 127, p. 1; R. Doc. 127-1, pp. 3-5. Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "Rule 54(b) balances two policies: avoiding 'piecemeal appeals' and 'the danger of hardship or injustice through delay." *Rushton v. Taylor-Seidenbach, Inc.*, No. CV 21-1461, 2023 WL 1965109, at *1 (E.D. La. Feb. 13, 2023) (citing *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996)). "[A] district court is to exercise its authority to certify certain claims for appeal under [Rule] 54(b) 'in the sound interest of judicial administration,' taking into account such factors as 'whether the claims under review were separable from others remaining to be adjudicated and whether the nature of the claims to be determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

That being said, "Rule 54(b) motions are disfavored and should be granted only when necessary to avoid injustice." *Archer Western Contractors, LLC v. McDonnel Group, LLC*, No. 22-5323, 2024 WL 4858923, at *3 (E.D. La. Nov. 21, 2024) (quoting *Ordemann v. Livingston*,

No. 06-CV-4796, 2007 WL 1651979, at *1 (E.D. La. June 7, 2007)). Despite being afforded the discretion to grant or deny a Rule 54(b) motion, "[a] district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *PYCA Indus., Inc.*, 81 F.3d at 1421.

Applying the foregoing standards, the Court declines to enter partial final judgment in this matter because the Amended Order and Reasons at issue does not constitute a final judgment as to an entire claim. Under Fifth Circuit precedent, Rule 54(b) certification of a ruling that merely resolves part of a single claim is improper. *See, e.g.*, *Tetra Techs., Inc. v. Cont'l Ins. Co.*, 755 F.3d 222, 228 (5th Cir. 2014) ("The partial adjudication of a single claim is not appealable, despite a Rule 54(b) certification. Thus, unless a district court's rulings sound the death knell of litigation in the federal courts concerning a particular claim, the court cannot enter judgment on that claim pursuant to Rule 54(b).") (internal citations and quotation marks omitted).

The Fifth Circuit's decision in *Tetra Technologies, Inc. v. Continental Insurance Company*, 755 F.3d 222 (5th Cir. 2014), is particularly instructive in this case. There, the district court entered partial summary judgment on certain issues bearing on an indemnification claim and subsequently entered judgment under Rule 54(b). *Tetra Techs.*, 755 F.3d at 227. Reasoning that a district court does not resolve a "claim" for purposes of Rule 54(b) merely by deciding a threshold legal issue relevant to that claim, the Fifth Circuit concluded that the district court had not completely disposed of the indemnification claim and dismissed the appeal for lack of jurisdiction. *Id.* at 230-31. In doing so, the Fifth Circuit additionally noted that, where a district court resolves some legal issues relating to a claim but leaves factual issues unresolved, the claim has not been completely adjudicated. *Id.*

The same reasoning applies here. Indeed, the Court has determined the legal scope of E&E Machine's contractual indemnity obligation. R. Doc. 95, pp. 17-18. However, it has not finally resolved Weeks Marine's entitlement to indemnification or the extent of any indemnity owed. To the contrary, the Court expressly held in its October 23 Order that the record contains "genuine issues of material fact that preclude a finding as to the allocation of fault for Plaintiff's alleged injuries." *Id.* at p. 18. Weeks Marine recognizes in its Motion that, under the Court's interpretation of the indemnity provision, a trial would be necessary to determine the percentage and allocation of fault between Weeks Marine and E&E Machine. R. Doc. 127-1, p. 2.

Although the Court's October 23 Order rejected Weeks Marine's theory that it is owed contractual indemnity for its own negligence, it simultaneously preserved Weeks Marine's right to recover contractual indemnity based upon E&E Machine's proportionate share of fault. R. Doc. 95, pp. 17-18. Thus, the Court, like the district court in *Tetra*, did not completely dispose of the contractual indemnity claim itself but instead merely resolved a threshold legal issue relevant to the claim (i.e., the permissible scope of recovery under the claim).

Considerations of efficiency do not alter this threshold requirement for entry of partial final judgment under Rule 54(b). In *Tetra*, the Fifth Circuit additionally explained that arguments concerning the expense or inefficiency of continuing litigation following resolution of an important legal issue are more appropriately addressed through § 1292(b), which is designed to permit early appellate review of certain rulings when such a review may permit a more efficient disposition of the litigation.[3] *Tetra Techs.*, 755 F.3d at 231. Accordingly, because Weeks Marine's contractual indemnity claim has not been completely disposed of, entry of partial final judgment pursuant to Rule 54(b) is inappropriate in this case. *See* Fed. R. Civ. P. 54(b); *Tetra Techs.*, 755

[3] The applicability of Section 1292(b) to the instant matter is discussed *infra* in Section II.B.

F.3d at 228-31. Weeks Marine's request for entry of partial final judgment is therefore DENIED.

### ***B. Interlocutory Appeal Under 28 U.S.C. § 1292(b)***

While the Court is unable to enter partial final judgment under Rule 54(b), it does find that an interlocutory appeal under 28 U.S.C. § 1292(b) would be appropriate in this case. Section 1292(b) allows a district court to certify an otherwise non-appealable interlocutory order for appeal if (1) the order "involves a controlling question of law," (2) that controlling legal question presents "a substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). All three of these statutory elements must be satisfied for the court to certify an order for interlocutory appeal. *Silverthorne Seismic, L.L.C. v. Sterling Seismic Servs., Ltd.*, 125 F.4th 593, 598 (5th Cir. 2025); *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68-69 (5th Cir. 1983). "The moving party bears the burden of establishing that interlocutory appeal is appropriate." *Lafaye v. City of New Orleans*, No. CV 20-41, 2021 WL 12095060, at *1 (E.D. La. Apr. 26, 2021) (citing *U.S. ex rel Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 813 (E.D. La. 2009)), *certified question answered and remanded*, 35 F.4th 940 (5th Cir. 2022).

"The decision to certify an interlocutory appeal is within the sound discretion of the district court." *Cmp, LLC v. Bd. of Comm'rs for Lafitte Area Indep. Levee Dist.*, No. CV 24-2298, 2026 WL 1648905, at *2 (E.D. La. June 8, 2026) (quoting *Complaint of L.L.P.&D. Marine, Inc.*, Civ. A. Nos. 97-1668, 97-2992, 97-3349, 1998 WL 113937, at *2 (E.D. La. Mar. 11, 1998)). That being said, the Fifth Circuit "strictly construes the requirements of 28 U.S.C. § 1292(b)" and refers to interlocutory appeals brought under this statute as "exceptional." *Id.* (citing *Weams v. FCA US L.L.C.*, Civ. A. No. 17-4-RLB, 2019 WL 3812222, at *1 (M.D. La. July 9, 2019); *Clark-Dietz*, 702 F.2d at 69). Thus, interlocutory appeals are generally disfavored, and Section 1292(b) constitutes

a narrow exception to the final judgment rule.

In determining whether certification is appropriate, the district court should identify the precise controlling legal question and consider both the asserted basis for disagreement and the manner in which immediate review would materially advance the termination of the litigation. *Clark-Dietz*, 702 F.2d at 68. The Court finds that all three statutory requirements are satisfied here.

**i. <u>Controlling Question of Law</u>**

First, the Court finds that its ruling on the issue of contractual indemnity "involves a controlling question of law." "A controlling question of law must be one of law—not fact—and its resolution must materially affect the outcome of litigation in the district court." *Silverthorne Seismic*, 125 F.4th at 598 (citing *Fujitsu Ltd. v. Tellabs, Inc.*, 539 F. App'x 1005, 1007 (Fed. Cir. 2013)). "That effect must be 'immediate' and cannot depend on a party's ability to prove additional facts." *Id.* (quoting *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022)) (alterations in original). Accordingly, controlling questions that satisfy this element include "whether a claim exists as a matter of law, whether a defense that will defeat the claim is available, and questions as to subject-matter jurisdiction, proper venue, personal jurisdiction, and standing to maintain the action." *Id.*

Here, the issue on which Weeks Marine seeks an appeal concerns whether Third-Party Defendant E&E Machine must indemnify Weeks Marine for Weeks Marine's own negligence when Weeks Marine and E&E Machine are concurrently at fault. Interpretation of the indemnity provision presents a question of law rather than a question requiring appellate review of disputed facts. Weeks Marine itself characterizes this principal dispute as a "pure question of law" concerning contract interpretation. *Id.* at p. 3.

The question is also controlling because, as explained above, its resolution will directly

determine the scope of E&E Machine's remaining contractual indemnity obligation, as well as the legal significance of the factual findings that remain to be made. R. Doc. 95, pp. 17-18. Under the Court's present interpretation, E&E Machine's indemnity obligation is limited to its proportionate share of negligence, meaning that the matter must proceed to trial for a factfinder to determine the percentage of fault attributable to each party. *Id.* However, if Weeks Marine's interpretation is correct, the percentage of fault attributable to each party would not determine the extent of E&E Machine's indemnity obligation. *See* R. Doc. 125, pp. 6-7. Under such an interpretation, the material factual distinction would instead be whether E&E bears *any* fault or whether Weeks Marine's negligence was the sole cause of Plaintiff's injuries, because the Purchase Order expressly excludes indemnity for liability caused by Weeks Marine's sole negligence. R. Doc. 125, pp. 2, 6. Appellate review in this matter would therefore have an immediate effect on the course of the remaining litigation in the district court and define what the remaining district court proceedings must accomplish. *See Silverthorne Seismic*, 125 F.4th at 598 (recognizing that a controlling question need not necessarily terminate an action but must materially affect the action at the district court level). Accordingly, the Court finds this first element satisfied.

**ii. <u>Substantial Ground for Difference of Opinion</u>**

Second, the Court finds a substantial ground for difference of opinion regarding the proper application of Louisiana indemnity law to the contractual language at issue. Louisiana state law provides that "an indemnity contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent acts unless such an intention is expressed in *unequivocal terms*." *Berry v. Orleans Par. Sch. Bd.*, 830 So. 2d 283, 285 (La. 2002) (citing *Perkins v. Rubicon, Inc.*, 563 So. 2d 258, 259 (La. 1990)) (emphasis added). *See also Polozola v. Garlock, Inc.*, 343 So. 2d 1000, 1003 (La. 1977). As discussed in the Court's prior rulings, the Court views

the language employed in the instant indemnity agreement as distinct from that of the agreement in *Perkins*, where the Louisiana Supreme Court held that the language achieved the "unequivocal terms" standard, because it merely states that the release will still apply if the indemnitor is found to be contributorily negligent without expressly defining the extent of the release. *See, e.g.*, R. Doc. 125, pp. 8-9. *See also Perkins*, 563 So. 2d at 258-59.

While the Court continues to adhere to that interpretation, it also acknowledges that the Louisiana Supreme Court's decision in *Berry v. Orleans Parish School Board* provides a substantial basis for reasonable disagreement concerning application of the "unequivocal terms" requirement. In *Berry*, the Orleans Parish School Board had contracted with Lighthouse of the Blind ("Lighthouse") to provide mobility training services to public school students. *Berry*, 830 So. 2d at 283-84. After execution of the contract, the parents of two students who were allegedly sexually harassed by a Lighthouse employee sued both the School Board and Lighthouse. *Id.* at 284. The contract to procure the mobility training services included an indemnity provision that applied to claims "caused in whole or in part" by an act or omission of the Lighthouse "regardless of whether or not" the claims were "caused in part by a party indemnified" under the agreement, including the defendant, Orleans Parish School Board. *Id.* At the district court level, the procedural posture of *Berry* bears meaningful similarities to the instant matter:

> Lighthouse filed a motion for summary judgment . . . argu[ing] the indemnity clause did not require it to indemnify the [School Board] for the [School Board]'s independent negligence. The [School Board] filed a cross motion for summary judgment, arguing that all the claims in [the] case were dependent upon [the Lighthouse employee]'s conduct; therefore, the Lighthouse was required to indemnify it for all negligence, including its independent negligence.

*Id.* The trial court granted Lighthouse's motion and denied the School Board's motion, finding that the indemnity provision "require[d] Lighthouse to indemnify the [School Board] for any acts of negligence or fault committed by the Lighthouse or its employees for which the [School Board] is

found to be liable" and "[did] not require the Lighthouse to indemnify the [School Board] for any acts of independent negligence committed by the OPSB or its employees." *Id.* The Louisiana Fourth Circuit Court of Appeal reversed the trial court's ruling, and the Louisiana Supreme Court ultimately affirmed the appellate court's decision, despite Lighthouse's contention that the indemnity language was not unequivocal. *Id.* at 284, 286-87.

Justice Knoll dissented from the majority opinion, concluding on the same record that the indemnity agreement was "subject to multiple interpretations" and did not unequivocally require Lighthouse to indemnify the School Board's own negligence because it employed broad and general indemnity language. *Id.* at 288-89 (Knoll, J., dissenting). Upon further review of *Berry*, the Court acknowledges a degree of similarity between the indemnity language analyzed in *Berry* and the language of the indemnity provision at issue in the instant matter. In addition, the Court notes that the fact that justices of the Louisiana Supreme Court reached different conclusions in interpreting the language in *Berry* provides a sufficiently substantial basis for reasonable jurists to disagree about how Louisiana's "unequivocal" intent rule applies to this particular contract provision.

A substantial ground for difference opinion can exist "where 'novel and difficult questions of first impression are presented,'" *Greenwald v. Cantrell*, No. CV 22-2371, 2025 WL 763918, at *3 (E.D. La. Mar. 11, 2025) (quoting *Fields v. Brown*, No. 6:20-CV-00475, 2021 WL 2814893, at *3 (E.D. Tex. May 14, 2021)), where there is a lack of precedent within the controlling jurisdiction, *Waste Mgmt. of La., L.L.C. v. Jefferson Par*, No. CIV.A. 13-6764, 2014 WL 5393362, at *4 (E.D. La. Oct. 22, 2014) (finding element satisfied due to lack of binding authority addressing question), and "when a court's challenged decision conflicts with decisions of several other courts," *APCC Servs., Inc. v. Sprint Communs. Co.*, 297 F. Supp. 2d 90, 97-98 (D.D.C. 2003). Thus, this element

is generally satisfied when the controlling question of law is one "about which reasonable jurists can . . . debate." *See Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 399 (5th Cir. 2010). Therefore, while the Court remains convinced of its interpretation of the indemnity provision, it nevertheless concludes in its review of jurisprudence that there is substantial ground for difference of opinion regarding the controlling question of law, and the second statutory requirement is satisfied.

**iii. <u>Material Advancement of Litigation</u>**

Third, the Court finds that immediate appellate review may materially advance the ultimate termination of this litigation. "In determining whether certification will materially advance the ultimate termination of the litigation, the district court considers whether it will eliminate the need for trial, eliminate complex issues, or streamline issues to simplify discovery." *In re Stewart*, No. CIV.A. 09-3521, 2009 WL 2461672, at *2 (E.D. La. Aug. 7, 2009) (quoting *In re Babcock & Wilcox Co.*, No. CIV. A. 00-1154, 2000 WL 823473, at *2 (E.D. La. June 22, 2000)). The Fifth Circuit has explained that "[Section] 1292(b) requires that an interlocutory appeal shorten the proceedings *in the district court*, not on post-judgment appeal."[4] *Silverthorne Seismic*, 125 F.4th at 601 (citing *United States v. Bear Marine Servs.*, 696 F.2d 1117, 1120 (5th Cir. 1983); *ICTSI*, 22 F.4th at 1131). An interlocutory appeal does not materially advance litigation when the parties will proceed to essentially the same trial regardless of the appellate court's resolution of the certified question. *Id.*

That is not the case here. Plaintiff's underlying personal injury claims have settled, with Weeks Marine reserving its contractual indemnity claims against E&E Machine. R. Doc. 127-1,

[4] "Otherwise," the Fifth Circuit reasoned, "almost any disputed legal question could qualify under § 1292(b), and the 'narrow exception' allowing interlocutory review would 'swallow the rule.'" *Silverthorne Seismic*, 125 F.4th at 601 (citing *Bear Marine*, 696 F.2d at 1120).

p. 3. The principal remaining dispute therefore concerns Weeks Marine's indemnity rights against E&E Machine. Under the Court's present interpretation, resolution of that dispute requires the Court to determine the comparative fault attributable to each party because E&E Machine's contractual indemnity obligation corresponds to its proportionate share of negligence. R. Doc. 95, pp. 17-18. However, if the Fifth Circuit agrees with Weeks Marine that the Purchase Order requires E&E Machine to indemnify Weeks Marine for Weeks Marine's own concurrent negligence, the precise percentage of fault attributable to each party would no longer have any bearing on the scope of the obligation. *See* R. Doc. 125, pp. 6-7. Although factual questions may still remain regarding whether E&E Machine bears *any* fault—because the Purchase Order expressly excludes liability caused by Weeks Marine's sole negligence—an appellate ruling in Weeks Marine's favor could substantially narrow the factual determinations to resolve the dispute.

Thus, unlike the question in *Silverthorne*, where the interlocutory appeal would only shorten *post-judgment* appeals and proceedings, the certified question here has the potential to significantly abbreviate proceedings in the district court. *See Silverthorne Seismic*, 125 F.4th at 601. Immediate review may therefore "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Having found that each of Section 1292(b)'s three requirements is satisfied, the Court will certify its contractual indemnity ruling for interlocutory review. The scope of E&E Machine's contractual indemnity obligation presents a controlling question of law as to which there is substantial ground for difference of opinion, and immediate resolution of that question may materially advance the ultimate termination of this litigation. The Court thus certifies the following controlling question of law for interlocutory appeal: Whether application of Louisiana law to the indemnity provision in the Purchase Order requires E&E Machine to indemnify Weeks Marine for

Weeks Marine's own negligence when Weeks Marine and E&E Machine are concurrently at fault.

### *C. Stay of Proceedings*

Lastly, Weeks Marine asks the Court to stay proceedings in the instant matter pending appeal. R. Doc. 127, p. 1; R. Doc. 127-1, pp. 7-8. Section 1292(b) expressly provides that "application for an appeal [under the section] shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b). A district court has wide discretion to stay a pending matter to control its docket and promote the interests of justice. *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). District courts are instructed to consider the following factors in deciding whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Planned Parenthood of Greater Tx. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013) (quoting *Nken v. Holder,* 556 U.S. 418, 425-26 (2009)). While the Court continues to adhere to its legal interpretation of the indemnity provision, its determination that the controlling question presents a substantial ground for difference of opinion weighs in favor of preserving the status quo while appellate relief is sought. Furthermore, because determination of the extent of E&E Machine's contractual indemnity obligations forms the crux of the remaining claims in this action, staying the case until resolution of that issue would conserve judicial resources. Accordingly, the Court will GRANT Weeks Marine's request for a stay and administratively close the case.

Accordingly,

**IT IS ORDERED** that Defendant and Third-Party Plaintiff, Weeks Marine, Inc.'s Motion

for Entry of Partial Final Judgment, or, in the Alternative, Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b), and Stay of Proceedings (R. Doc. 127) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Weeks Marine's request for entry of partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) is **DENIED**.

**IT IS FURTHER ORDERED** that Weeks Marine's alternative request for certification for interlocutory appeal of its Order and Reasons dated October 23, 2025, pursuant to 28 U.S.C. § 1292(b) is **GRANTED**. The Court certifies the following question of law for appeal to the United States Court of Appeals for the Fifth Circuit: Whether application of Louisiana law to the indemnity provision in the Purchase Order requires E&E Machine to indemnify Weeks Marine for Weeks Marine's own negligence when Weeks Marine and E&E Machine are concurrently at fault.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1292(b), within ten (10) days of the entry of this Order, Weeks Marine may petition the United States Court of Appeals for the Fifth Circuit for permission to appeal.

**IT IS FURTHER ORDERED** that the above-captioned matter is **STAYED AND ADMINISTRATIVELY CLOSED** pending appeal to the United States Court of Appeals for the Fifth Circuit. Either party may move to lift the stay and reopen the case upon resolution of the interlocutory appeal or, if applicable, the Fifth Circuit's denial of permission to appeal.

New Orleans, Louisiana, this 10th day of September 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE